```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

| | |
|---|---|
| KIVA BRYANT, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 4:23-cv-148 (CDL) |
| FEDEX GROUND PACKAGE SYSTEM, INC., *et al.*, | * |
| | * |
| Defendants. | |
| | * |

O R D E R

FedEx and Beasley (the "Defendants") have filed a motion urging the Court to reconsider its previous order, which extended the dispositive motion deadline for this action to May 3rd, 2024 (the "Order"). Defendants would like a further extension of this deadline so that they may file a motion for summary judgment. For the reasons that follow, that motion for reconsideration (ECF No. 21) is denied.

STANDARD

Local Rule 7.6 provides that motions for reconsideration shall not be filed with this Court as a matter of routine practice. M.D. Ga. R. 7.6. Such motions will only be granted if "the movant demonstrates that (1) there was an intervening development or change in controlling law, (2) new evidence has been discovered,

or (3) the court made a clear error of law or fact." *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009).

## BACKGROUND

Plaintiff brought this action against Defendants after she was struck by a vehicle driven by Beasley. At the time of the collision, Plaintiff was an employee of FedEx. The initial scheduling and discovery order for this action established April 19th, 2024 as the deadline for the parties to file dispositive motions. Defendants filed a motion for an extension of time to complete discovery which the Court granted in part and denied in part. The Court entered its Order that dispositive motions be filed by May 3, 2024 and directed the clerk not to grant any further extensions. That deadline came and went without any Defendant filing a motion for summary judgment.

On June 5th, 2024, Plaintiff revealed in her deposition that she settled a worker's compensation claim relating to the same collision at issue in this action. Defendant contends that this contradicts her previous responses to Defendants' interrogatories where she stated she had not received compensation in connection with this incident. Defendants then filed their motion for reconsideration of the Order, requesting that they be allowed time to file a motion for summary judgment relating to this worker's compensation settlement.

DISCUSSION

Defendants do not argue that there has been an intervening development in controlling law or that this Court made a clear error of law or fact in its prior Order. Rather, Defendants' sole argument in their motion for reconsideration is that their knowledge of Plaintiff's worker's compensation settlement is newly discovered evidence which justifies reconsidering the Order.

The Court is not convinced. FedEx concedes that Bryant was its employee at the time of this collision. Therefore, FedEx should have known from the beginning of this litigation whether its own employee sought worker's compensation for the very same incident which gives rise to this action. Beasley is represented by the same counsel as FedEx. Through them, Beasley also should have known at or near the start of this action whether Bryant received worker's compensation from FedEx for this collision. Moreover, Defendants could have scheduled Plaintiff's deposition well before the expiration of the dispositive motion deadline. Quite simply, Defendants have not shown why they could not have discovered this worker's compensation settlement before the Court's previous deadlines expired. Accordingly, Defendants have not shown that "new evidence has been discovered" which warrants reconsideration of this Court's prior order. *Id.*

CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration (ECF No. 21) is denied.[1]

IT IS SO ORDERED, this 16th day of July, 2024.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] Today's Order of course will not prevent Defendants from raising the worker's compensation settlement as a defense at trial, which if appropriate, may be decided at the close of Plaintiff's case. Thus it would behoove Plaintiff to thoroughly investigate the strength of this defense before incurring the time and expense of a jury trial.